FILED

2006 Apr-06  PM 04:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **DENNY LAMONT POWELL, JR.,** | ) | |
| | ) | |
| , | ) | |
| | ) | |
| **v.** | ) | **2:06-cv-00018-RDP** |
| | ) | |
| **WARDEN GEORGE FREE and** | ) | |
| **THE ATTORNEY GENERAL OF** | ) | |
| **THE STATE OF ALABAMA,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**<u>MEMORANDUM OPINION</u>**

The Petitioner has filed a petition for a writ of habeas corpus concerning his October 17, 2000, conviction of first degree robbery in the Circuit Court of Jefferson County, Alabama. On March 13, 2006, the magistrate judge assigned this matter entered a report and recommendation finding that the petition was due to be denied due to the fact that it was barred by the statute of limitations. *See* 28 U.S.C. § 2244(d). The Petitioner has filed objections to the report and recommendation (Doc. 20) and an affidavit in support of the same (Doc. 21).

In his objections, the Petitioner focuses on three points. First, he asserts that the robbery victim's identification of him was improper. (Doc. 20 at pp. 1-3). Second, he asserts that a law enforcement officer "lied about developing the identification" and "tainted" the identification process. (*Id*. at pp. 4-5). Third, he asserts that a prosecution witness, Freeman Holcombe, was "most likely coerced." (*Id*. at p. 6). The court finds each of the Petitioner's objections to be without merit.

In support of his contention that the victim's identification was improper, the Petitioner claims that "the unrecorded portion of the suppression hearing" would show that the prosecutor led

the victim to her conclusion.  (*Id*. at p. 2).  According to the Petitioner, the unrecorded portion provides as follows:

> Q.  Ms. Lee, why did you pick the defendant out of the photographic display as the man who robbed you at gunpoint?
>
> A.  I don't know, because he "looks like the man but, I'm not sure if its 'him or not.'"
>
> Q.  Ma'am you must make a positive identification of Mr. Powell as the gunman.  You need to be positive that Mr. Powell was the person with the gun.
>
> A.  I'm positive.
>
> Q.  Ma'am is there anything else that you can make a positive identification by of Mr. Powell?  Is there anything that obviously stood out about him that you can remember?
>
> A.  Oh! Yes, he had a gold tooth.  A gold crown on his teeth [sic].

(*Id*. at pp. 2-3).  The court is not impressed by the Petitioner's dilatory claim that the state court transcript fails to include this purported testimony.  The Petitioner's "recollection" of this testimony over five years after the fact is questionable at best.  Additionally, it is not sufficient to overcome the certification of the court reporter that the record is "a true and correct copy transcript of all proceedings in the above referenced case."  (Trial Tr. at p. 123).  Moreover, his belated assertion is not sufficient to warrant relief in view of the trial jury's opportunity to hear the testimony of the victim, including her identification of the Petitioner, and view her demeanor during the trial before returning a guilty verdict.

With respect to his tainted identification assertion, and his argument challenging the actions of the law enforcement officer in preparing the photo display, the Petitioner merely reiterates his earlier allegations.  The court finds them to be insufficient to warrant any relief.

Lastly, concerning his claim that prosecution witness Freeman Holcombe was "most likely coerced," the Petitioner states that "if the investigator coerced Mr. Gilmore to falsely implicate Petitioner, he most likely coerced Mr. Holcombe also to place Petitioner at the scene of the crime." (*Id.* at p. 6).  The court notes that defense counsel challenged the veracity of Holcombe's testimony at trial before the jury.  (Trial Tr. at pp. 96-98, 104-05).  After hearing all the evidence, the jury simply rejected the Petitioner's defense.  This final assertion is also without merit.  The Petitioner's conclusory claim is insufficient to support his request for relief.

The court has considered the entire file in this action together with the Magistrate Judge's Report and Recommendation and the objections of the Petitioner and has reached an independent conclusion that the Magistrate Judge's Report and Recommendation is due to be adopted and approved.  The court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court.  In accordance with the recommendation, this petition for writ of habeas corpus is due to be denied and dismissed with prejudice.  An appropriate order will be entered.

**DONE** and **ORDERED** this _____6th_____ day of April, 2006.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

3